# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**STANLEY MONTGOMERY**                                             **PETITIONER**

**v.**                                             **No. 1:14CV233-SA-DAS**

**ATTORNEY GENERAL JIM HOOD, ET AL.**              **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Stanley Montgomery for a writ of *habeas corpus* under 28 U.S.C. § 2254. The court has reviewed the petition, and the matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the petition dismissed without prejudice for failure to exhaust state remedies.

### Exhaustion

Under 28 U.S.C. § 2254(b)(1), a prisoner seeking *habeas corpus* relief must first exhaust state remedies. Section 2254 provides, in relevant part:

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
>     (A) the applicant has exhausted the state remedies available in the courts of the State; or
>
>     (B) (i) there is an absence of available State corrective process; or
>         (ii) circumstances exist that render such process ineffective to protect the rights of the appellant
>
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

"A fundamental prerequisite to federal *habeas* relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b)(1) prior to requesting federal collateral relief." *Sterling v.*

*Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). A finding of exhaustion requires the petitioner to have "fairly presented the substance of his claims to the state courts." *Sones v. Hargett*, 61 F.3d 410, 414-15 (5th Cir. 1995) (citing *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983)). Further, exhaustion "requires that normally a state prisoner's entire federal *habeas* petition must be dismissed unless the prisoner's state remedies have been exhausted as to all claims raised in the federal petition." *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996) (citing *Rose*, 455 U.S. at 518-19). The exhaustion doctrine serves the salutary purpose of "giving the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] 'serves to minimize friction between our federal and state systems of justice.'" *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (quoting *Rose*, at 518) (citations omitted).

### Facts and Procedural Posture[1]

On April 29, 2011, Stanley Montgomery entered pleas of guilty to five counts of identity theft in the Circuit Court of Winston County. The court sentenced Montgomery to a term of five years on each of the five counts, with two weeks to serve and four years and fifty weeks of post-release supervision ("PRS"). The sentence on each count was to run concurrently with the others. The court also ordered Montgomery to pay restitution in the amount of $4,800.00 at the rate of $100.00 per month – and the sum of $55.00 per month to the Mississippi Department of Corrections (MDOC) to cover court costs and assessments. On August 13, 2013 the court found that Montgomery was in arrears for failing to pay MDOC and restitution, court costs and assessments. The court modified the order of Post Release Supervision and ordered that

---

[1] The court has compiled these facts from pleadings and the memorandum opinion found in Montgomery's previous petition for a writ of *habeas corpus*, *Montgomery v. Central Mississippi Correctional Facility*, 1:14CV25-SA-JMV, as well as the online General Docket of the Mississippi Court of Appeals.

Montgomery be placed in a restitution center until his fees were paid.

On September 12, 2013 the court again modified Montgomery's Post Release Supervision. The court again found that Montgomery had not paid anything on the balance of the restitution court costs, and assessments. The court also ordered that Montgomery be placed, once again, in a restitution center to pay fees and MDOC supervision fees. On December 23, 2013, the Circuit Court of Winston County revoked Stanley Montgomery's probation and suspension of his sentence and ordered that he serve the entire four years and fifty weeks remaining on his sentence in Mississippi Department of Corrections custody. Montgomery then filed a Motion for Post-Conviction Collateral Relief in the Circuit Court of Winston County. The Circuit Court denied the motion.

Montgomery appealed that decision on April 7, 2014, and he submitted his Brief of Appellant on August 17, 2014. The State filed its Brief of Appellee on December 19, 2014, and Montgomery filed his reply brief on January 22, 2015. The case was submitted for oral argument on March 3, 2015, and is currently pending before the Mississippi Court of Appeals.

**Exhaustion of State Remedies**

Montgomery has an available state court remedy: the direct appeal of his state application for post-conviction collateral relief. As such, the instant petition for a writ of *habeas corpus* must be dismissed for failure to exhaust state remedies. The court cautions Montgomery that the one-year federal *habeas corpus* limitations period was running during the pendency of his previous federal petition for a writ of *habeas corpus*, and the court cannot determine how much of the limitations period remains, if any. Though the limitations period is tolled during the pendency of Montgomery's state pursuit of post-conviction collateral relief, if he does not prevail on his direct appeal, then he

needs to move with diligence to seek federal *habeas corpus* relief prior to the expiration of the federal *habeas corpus* deadline. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 29th day of April, 2015.

                                                                           **/s/ Sharion Aycock**
                                                                           **U.S. DISTRICT JUDGE**